HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SKOKOMISH INDIAN TRIBE, a federally recognized Indian tribe, in its own capacity, as a class representative, and as *parens patriae*, et al., | Case No.: C99-5606RJB |
| Plaintiffs, | CONSENT DECREE, ORDER, AND FINAL JUDGMENT |
| vs. | |
| UNITED STATES OF AMERICA; TACOMA PUBLIC UTILITIES, a Washington municipal Corporation, et al., | |
| Defendants. | |

# INTRODUCTION AND BACKGROUND

A.  On November 19, 1999, Plaintiffs Skokomish Indian Tribe and individual named tribal members ("Tribe") filed a complaint against Tacoma Public Utilities, the City of Tacoma, and members of the Tacoma Public Utilities Board in their individual capacities (collectively "Tacoma") and the United States of America for damages to the Skokomish Indian Reservation, associated trust assets, and treaty rights allegedly resulting from the construction, maintenance, operation, and existence of the Cushman Hydroelectric Project. (Dkt. #1).

B.  On May 26, 2000, the Court dismissed the United States as a defendant (Dkt. #41). In orders dated June 4, 2001 (Dkt. # 127) and August 9, 2001 (Dkt. #168), the Court dismissed all claims against Tacoma. *Skokomish Indian Tribe v. United States*, 161 F. Supp. 2d 1178 (W.D. Wash. 2001).

C.  On June 3, 2003, a three-judge panel of the Ninth Circuit Court of Appeals affirmed. *Skokomish Indian Tribe v. United States*, 332 F.3d 551 (9th Cir. 2003). The Ninth Circuit subsequently issued an *en banc* decision affirming dismissal of the Tribe's claims against Tacoma and ruling that the Tribe's claims against the United States should be transferred to the United States Court of Federal Claims. *Skokomish Indian Tribe v. United States*, 401 F.3d 979 (9th Cir. 2005), *amended by* 410 F.3d 506 (9th Cir. 2005). On May 9, 2006, pursuant to the mandate of the Ninth Circuit, this Court entered an order to transfer the Tribe's claims against the United States to the Court of Federal Claims. (Dkt. #187).

D.  On February 9, 2006, the Tribe filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), or to alter or amend the Judgment under Fed. R. Civ. P. 59(e), in order to allow the case to proceed on federal common law claims against Tacoma. (Dkt. #179). The

Court denied the Tribe's motion on April 12, 2006. (Dkt. #184). On May 12, 2006, the Tribe appealed the April 2006 order regarding relief from judgment to the Ninth Circuit Court of Appeals. (Dkt. #188).

E. On December 22, 2006, the Ninth Circuit Court of Appeals directed the Tribe and Tacoma to mediation under the supervision of a court-appointed mediator. From January 2007 through January 2009, Tacoma and the Tribe engaged in settlement negotiations under the supervision of the Ninth Circuit Mediation Program.

F. On January 12, 2009, the Tribe and Tacoma entered into a Settlement Agreement to resolve all Claims (as defined in Section 1.6 of the Settlement Agreement) between the Tribe and Tacoma pertaining to the construction, maintenance, operation and/or existence of the Cushman Hydroelectric Project. The Settlement Agreement is attached as Attachment A to this Decree. The Settlement Agreement became effective on July 18, 2011.

G. On July 19, 2011, at the joint request of the Tribe and Tacoma, the Ninth Circuit Court of Appeals remanded the case to this Court for further proceedings consistent with the Settlement Agreement.

**NOW, THEREFORE, with the consent of the Tribe and Tacoma, IT IS HEREBY ADJUDGED, ORDERED, and DECREED as follows**:

## I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § § 1331 and 1362, this being an action by an Indian tribe with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, and treaties of the United States. The Court has jurisdiction over the parties,

who reside, own property, or otherwise conduct business in Mason County, Washington. Venue is proper in that the claim arose in this judicial district.

## II. INCORPORATION OF SETTLEMENT AGREEMENT

2. The Settlement Agreement entered into between the Tribe and Tacoma on January 12, 2009, and which became effective on July 18, 2011, is attached hereto as <u>Attachment A</u>, and is adopted and incorporated by reference into this Decree. The Court has reviewed the Settlement Agreement and concludes that it is fundamentally fair, adequate, and reasonable, both procedurally and substantively, in the public interest, consistent with applicable law, and has been negotiated by the parties in good faith. The terms and conditions of the Settlement Agreement attached hereto as <u>Attachment A</u>, are fully enforceable as terms and conditions of this Decree.

## III. DISMISSAL OF CLAIMS AGAINST TACOMA

3. All of the Tribe's Claims (as the term "Claims" is defined in Section 1.6 of the Settlement Agreement attached hereto as <u>Attachment A</u>) that the Tribe has brought in this litigation against Tacoma are hereby dismissed with prejudice upon the entry of this Decree.

## IV. COMPENSATION TO THE TRIBE

4. Pursuant to Section 4.1.1 of the Settlement Agreement, Tacoma shall pay the Tribe six million ($6,000,000) in cash. Tacoma shall transmit this payment to the United States for deposit into a trust account held by the United States in trust for the Skokomish Indian Tribe. Not later than October 15, 2011, the Tribe shall provide Tacoma with the appropriate trust account information for the transmittal of this payment. Within thirty days of receiving this information, Tacoma shall transmit this payment.

5.      Pursuant to Section 4.1.2 of the Settlement Agreement, Tacoma shall pay the Tribe five million ($5,000,000) in cash. Tacoma shall transmit this payment to the United States for deposit into a trust account held by the United States in trust for the Skokomish Indian Tribe. Not later than October 15, 2011, the Tribe shall provide Tacoma with the appropriate trust account information for the transmittal of this payment. Within thirty days of receiving this information, Tacoma shall transmit this payment.

6.      Pursuant to Section 4.1.3 of the Settlement Agreement, not later than September 16, 2011, Tacoma shall transfer to the Tribe by general warranty deed the properties described on Exhibits A-1 through A-3 (and graphically depicted on Exhibits B-1 through B-3) of the Settlement Agreement attached hereto as <u>Attachment A</u>.

7.      Pursuant to Section 4.2 of the Settlement Agreement, Tacoma shall pay $1.6 million as consideration for the release of all claims of trespass arising from the construction, operation, maintenance and/or existence of the Cushman Hydroelectric Project transmission lines on the Allotment Parcels (as "Allotment Parcels" are defined in Section 1.2 of the Settlement Agreement). Tacoma shall transmit this payment to the United States for deposit into a trust account held by the United States in trust for the allottees with interests in the Allotment Parcels, as determined by the Bureau of Indian Affairs. Not later than September 1, 2011, the Tribe shall provide Tacoma with the appropriate trust account information for the transmittal of this payment. Within fourteen days of receiving this information, Tacoma shall transmit this payment.

8.      Pursuant to Section 4.1.10 of the Settlement Agreement, commencing on April 1, 2012, and for forty (40) years or until the Settlement Agreement terminates, whichever is earlier, Tacoma will provide an annual payment to the Tribe in accordance with Section 4.1.10

of the Settlement Agreement attached hereto as Attachment A. Tacoma shall transmit these annual payments directly to the Tribe in accordance with directions provided in advance by the Tribe.

## V. RETENTION OF JURISDICTION

9. The United States District Court for the Western District of Washington at Tacoma shall retain jurisdiction over this proceeding for the limited purpose of enforcing this Decree, and overseeing and ensuring compliance with the terms of this Decree. The Court will, however, administratively close the file subject to reopening at the request of either party.

## VI. DISPUTE RESOLUTION

10. Disputes arising under or with respect to the implementation of this Decree shall be resolved pursuant to the dispute resolution procedures provided in Section 12.3 of the Settlement Agreement.

## VII. COSTS

11. Each party shall bear its own costs associated with this action, including attorneys' fees.

## VIII. NOTICES

12. Notices or communications required under this Decree shall be made in writing and addressed as follows:

**To the Tribe**:

Skokomish Indian Tribe
Attn: Tribal Council Chairperson
80 North Tribal Center Road
Skokomish Nation, WA 98584

with cc: to

Skokomish Tribal Attorney
80 North Tribal Center Road
Skokomish Nation, WA 98584

**To Tacoma**:

Patrick McCarty
Tacoma Power
3628 S. 35th Street
Tacoma, WA 98409

13. Any party may, by written notice to other parties, change its designated notice recipient or notice address provided above.

14. Notice under this Section shall be deemed properly submitted if delivered in person or sent by acknowledged delivery, or sent by registered or certified mail, postage prepaid to the person designated above. Notice provided under this Section shall be effective upon physical receipt by the receiving party.

### IX. MODIFICATION

15. The terms of this Decree may be modified only by a subsequent written agreement signed by all of the parties and subject to the approval of the Court.

### X. TERMINATION

16. This Decree shall not terminate unless and until the Settlement Agreement attached as Attachment A is terminated pursuant to Article XI of that Settlement Agreement.

### XI. SIGNATORIES

17. The undersigned representatives certify that they are fully authorized to execute this Decree on behalf of the parties. This Decree may be signed in counterparts and its validity shall not be challenged on that basis.

Consent Decree, Order, and Final Judgment - 7

## XII. NO THIRD PARTY BENEFICIARIES

18. Nothing in this Decree is intended or shall be construed to create rights in, or permit any cause of action to, any third party not party to this Decree.

## XIII. FINAL ORDER AND JUDGMENT

19. Upon approval and entry of this Decree by the Court, this Decree shall constitute and become a final order and judgment of this Court. This Decree shall be final and conclusive as between Tacoma and the Tribe; the disputed matter between Tacoma and the Tribe is fully resolved by the Settlement Agreement; the Court's decision shall be final; and all rights of appeal are waived.

DATED AND ENTERED this 27th day of July, 2011.

ROBERT J. BRYAN
United States District Judge

THE UNDERSIGNED PARTIES consent to entry of this Decree in the matter of *Skokomish Indian Tribe v. United States/Tacoma Public Utilities, et al.,* Civil Action No. 99-5606.

FOR PLAINTIFF SKOKOMISH INDIAN TRIBE, ET AL.

S /_____  Date:  7/26/11
Mason D. Morisset, WSBA No. 273
Morisset, Schlosser, Jozwiak & Somerville
801 Second Avenue, Suite 1115
Seattle, WA 98104
Ph: 206-386-5200
Fax: 206-386-7322
m.morisset@msaj.com
Attorneys for Skokomish Indian Tribe et al.

FOR DEFENDANT TACOMA PUBLIC UTILITIES, ET AL.

S /_____  Date:  7/25/11
Matthew A. Love, WSBA No. 25281
Van Ness Feldman, PC
719 Second Avenue, Suite 1150
Seattle, WA 98104-1728
Tel:    206-623-9372
Fax:    206-623-4986
E-mail:  mal@vnf.com
Attorneys For Tacoma Public Utilities et al.